IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ELIZABETH A. UCHTMAN                                                              PLAINTIFF

v.                                    CIVIL NO. 19-3083

ANDREW M. SAUL, Commissioner
Social Security Administration                                                    DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Elizabeth A. Uchtman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 12, 2016, alleging an inability to work since April 15, 2014,[1] due to chronic pain, migraines, fibromyalgia, degenerative disc disease in the back and neck, osteoarthritis, tennis elbow, depression, and being a lupus carrier. (Tr. 87, 260).  An administrative hearing was held on September 25, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 47-84).

By written decision dated January 16, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 22). Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension;

---

[1] Plaintiff, through her attorney, amended her alleged onset date to May 26, 2015. (Tr. 19, 55).

1

spondylosis of the lumbosacral spine; degenerative disc disease of the cervical spine; a torn medial meniscus of the left knee status post operation; fibromyalgia; obesity; migraine headaches; and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 22).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can perform only occasional bending, stooping, squatting, and/or crouching; and the claimant can perform only work involving simple tasks and simple instructions.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, a copy examiner, and a printed circuit layout taper. (Tr. 29-30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on October 16, 2019. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

      The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 3rd day of November 2020.

/s/ *Erin L. Wiedemann*
  HON. ERIN L. WIEDEMANN
  UNITED STATES MAGISTRATE JUDGE